FILED

FEB 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIE JIMENEZ *et al.*, | Nos. 09-17304 and 10-16010 |
| Plaintiffs - Appellants, | D.C. No. 2:07-CV-02558-HRH |
| v. | |
| MARICOPA UNIFIED SCHOOL DISTRICT No. 20 *et al.*, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, District Judge, Presiding

Submitted February 17, 2011 [**]
San Francisco, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and CONLON, [***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

Appellants are former school district employees (and their spouses) whose one-year contracts were not renewed. Each of their contracts specified appellants did not have a legitimate expectancy of continued employment after the one-year term and that the school district was not obligated to justify a decision not to renew the contract. Nonetheless, appellants filed suit in Arizona state court, asserting federal claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and related state claims, including breach of contract.[1] All claims were related to the contract non-renewal decisions. The case was removed pursuant to 28 U.S.C. § 1441. The district court entered summary judgment for the school district, its superintendent and its board, and awarded attorney's fees under Arizona law.

The district court had jurisdiction over the federal claims, 28 U.S.C. § 1331, and supplemental jurisdiction over the state claims, 28 U.S.C. § 1367. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. The summary judgment decision is reviewed *de novo. Munoz v. Mabus*, – F.3d –, 2010 WL 5263141, at *2 (9th Cir. Dec. 27, 2010). The award of attorney's fees is reviewed for an abuse of

---

[1] This appeal does not challenge the entry of judgment against appellants on the claims for negligent supervision, intentional and negligent infliction of emotional distress,"First Amendment," and whistleblowing.

2

discretion, but legal determinations regarding the award are reviewed *de novo*. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1059– 60 (9th Cir. 2006).

We affirm.  Neither the summary judgment record nor the record on appeal cite any evidence that would support a reasonable inference of a disputed material fact.  Fed. R. Civ. P. 56(c); FRAP 28(a)(7); *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (the court does not review the record in search of a genuine issue of triable fact).  Nor do appellants identify an error of law by the district court in granting summary judgment or awarding fees.  Fed. R. Civ. P. 56(c); FRAP 28(a)(9)(A); *Boat & Motor Mart v. Sea Ray Boats, Inc.*, 825 F.2d 1285, 1288 (9th Cir. 1987) (summary judgment reversed only if genuine issue of material fact or error of law shown).

Arizona law authorizes imposition of attorney's fees in contested cases arising out of a contract.  Ariz. Rev. Stat. § 12-341.01(A).  Appellants' claims could not have existed but for the school district's decision not to renew their written employment agreements.  *Harris v. Maricopa County Superior Court*, – F.3d –, 2011 WL 167040, at *6 (9th Cir. Jan. 20, 2011); *Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1141-42 (Ariz. 1982) (*en banc*), *cert. denied*, 459 U.S. 1070, 103 S. Ct. 490, 74 L. Ed. 2d 632 (1982).  The district court did not err in finding appellants' claims were "so entangled" to be fairly covered by § 12-

3

341.01(A).  ER 69.  The district court carefully analyzed the reasonableness of appellees' $137,471 fee request, and reduced the fee award to $41,241.30 after scrutinizing the reasonableness of the time and rate billings.  The district court did not abuse its discretion in awarding appellees $41,241.30.

**AFFIRMED.**